905 F.2d 1530
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Rose MECKLEY, Plaintiff-Appellant,
v.
FEDERAL CORRECTIONAL INSTITUTE, ALDERSON; Marilyn K.
Glaser; Virginia Cortes; Martha L. Jordan; Stephen Z.
Grzegorek; Officer Strattis; Maureen Atwood; Daniel
Parker; Stephen Loudermild; Mildred Lewis; Pat Bennett;
Bernie Ellis; Ron Burkhardt, Defendants-Appellees.
 No. 89-6841.
 United States Court of Appeals, Fourth Circuit.
 Submitted Feb. 21, 1990.
Decided May 21, 1990.
 
 Appeal from the United States District Court for the Southern District of West Virginia, at Beckley. Elizabeth V. Hallanan, District Judge. (C/A No. 88-823-5)
 Rose Meckley, appellant pro se.
 S.D.W.Va.
 AFFIRMED.
 Before MURNAGHAN and WILKINSON, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Rose Meckley filed a compliant[1] claiming that prison officials at the federal prison in Alderson, West Virginia (FCI), had (1) improperly placed her in segregation for refusal to submit to a pelvic examination, (2) told her mother she was in segregation, (3) denied an approved visit with her mother, (4) shut off the water in her cell for four days, and (5) denied her access to the law library. The district court construed Meckley's complaint as seeking only injunctive relief and, on defendants' motion, dismissed the petition as moot because she had been transferred. We find that the district court erred in its construction of Meckley's complaint as a mandamus petition,[2] but affirm the dismissal of the petition on the merits.[3]
 
 
 2
 Regarding claim (1), we note that Meckley does not refute defendants' assertion that the pelvic exam was part of the admission exam required of all inmates. Contrary to Meckley's unsupported claim, she has no right under the policies of the Bureau of Prisons (BOP) to refuse any part of the admission exam. Moreover, Meckley's right to privacy does not outweigh the government's legitimate and pressing need to screen inmates entering the prison. See Bell v. Wolfish, 441 U.S. 520, 560 (1979).
 
 
 3
 Meckley's claim that she is entitled to have her housing assignment kept secret from her mother is frivolous.
 
 
 4
 Regarding claim (3), Meckley has no right to unfettered visitation under the Constitution, see Thompson v. Kentucky, 57 U.S.L.W. 4531, 4533 (U.S. May 15, 1989) (No. 87-1815), or BOP policies. Moreover, the record shows that the visit was reasonably denied for Meckley's refusal to comply with orders from prison officials.
 
 
 5
 In claim (4), Meckley alleges a potentially valid claim of inadequate toilet and shower facilities. See Sweet v. South Carolina Department of Corrections, 529 F.2d 854 (4th Cir.1975) (en banc). However, Meckley does not refute defendants' statement that, although her water was cut off, she was offered opportunities to maintain her personal hygiene. Thus, Meckley's claim is nothing more than a claim of the deprivation of private toilet and shower facilities, to which there is no such right. See Rhodes v. Chapman, 452 U.S. 337 (1982) (harsh and restrictive conditions are part of the penalty defendants must pay for their crimes).
 
 
 6
 Finally, Meckley's claim concerning the denial of access to the law library fails to state a claim because she has not stated that she suffered any harm from such action. See White v. White, 886 F.2d 721 (4th Cir.1989).[4]
 
 
 7
 Accordingly, we affirm the dismissal for the reasons stated. We dispense with oral argument because the facts and legal contentions are adequately presented and oral argument would not aid the decisional process.
 
 
 8
 AFFIRMED.
 
 
 
 [1]
 Meckley submitted her complaint on a standard form for 42 U.S.C. Sec. 1983 claims, but because her claims concern only the actions of federal officials, her action is necessarily pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)
 
 
 [2]
 Meckley's original claim for relief suggested she was seeking compensatory damages but was not explicit. However, her response to the motion to dismiss and her objections to the magistrate's report make clear her intention to seek money damages
 
 
 [3]
 Defendants addressed the merits in their motion and submitted supporting documents
 
 
 [4]
 It should be noted that Meckley was not wholly denied access to the law library--she was allowed at least 8 hours in the law library